UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOHN R. DURSO, JOSEPH FONTANO,
NEIL GONZALVO, DEBRA BOLLBACH,
TERI NOBLE, JON GREENFIELD,
JOHN CATSIMATIDIS, ANGELO AVENA,
MORTON SLOAN, and JACOB DIMANT, M.D.,
as Trustees and Fiduciaries of the
LOCAL 338 RETIREMENT FUND,

                    Plaintiffs,

      -against-

AL-SALEH GROCERY CORP.,
AL SALEH LAUNDROMAT CORP.,
169 MK GROCERY CORP., and
KAREEM LAUNDROMAT CORP.,

                    Defendants.
-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

18-cv-02008 (CS) (PED)

No objections to this Report and Recommendation (the "R&R") have been received, and accordingly I review it for clear error. I find no error, clear or otherwise, and adopt the R&R as the decision of the Court. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 30), enter judgment for Plaintiffs as described in the R&R, and close the case.

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

**TO THE HONORABLE CATHY SEIBEL, United States District Judge:**          4/15/19

## I.    INTRODUCTION

Plaintiffs, as trustees and fiduciaries of the Local 338 Retirement Fund ("the Fund"),

brought this action against defendants Al-Saleh Grocery Corp., Al-Saleh Laundromat Corp., 169

Grocery Corp., and Kareem Laundromat Corp., seeking to recover withdrawal liability pursuant

to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer

Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and the Fund's

Reaffirmation and Restatement of Agreement and Declaration of Trust ("Trust Agreement").

Dkt. 1 (Compl.), ¶ 1. By Order dated September 12, 2018, Your Honor granted defendants'

motion to withdraw their Answer and entered a default judgment. Dkt. 23. On September 13,

2018, Your Honor referred the matter to the undersigned to report and recommend the amount of

damages to be awarded plaintiffs, plus reasonable attorneys' fees and costs. Dkt. 24. For the reasons set forth below, I respectfully recommend that Your Honor award plaintiffs damages in the amount of **$193,181.15**, plus **$100.32** per day from October 16, 2018 through the date judgment is entered.

## II.   BACKGROUND

Defendants were, at all relevant times, party to a series of collective bargaining agreements (the CBAs) with Local 338, pursuant to which defendants agreed to submit monthly remittance reports and make contributions to the Fund on behalf of defendants' employees covered by the CBAs. Dkt. 6 (Am. Compl.), ¶ 9-11. Defendants ceased operations on or about October 19, 2015. Dkt. 6, ¶ 12. As of December of 2015, defendants ceased to make contributions to the Fund. Dkt. 33 (Affidavit of Charles Hamilton), Exh. D.

By letter dated February 27, 2017, Charles Hamilton, Fund Administrator of the Local 338 Retirement Fund, notified defendants that the cessation of contributions to the Fund as of December of 2015 effected a complete withdrawal from the Fund within the meaning of Section 4203(a) of ERISA. Dkt. 33, Exh. D. As a result, defendants were subject to payment of withdrawal liability to the Fund. Dkt. 33, Exh. D. Using the "rolling five" method provided in Section 4211(c)(3) of ERISA, the Fund calculated the defendants' unpaid contributions to be $101,720.00. Dkt. 33, Exh. D. Attached to that letter was a schedule of defendants' payments, which were to begin on April 1, 2017. Dkt. 33, Exh. D. Defendants failed to make the initial payment toward the withdrawal liability. Dkt. 6, ¶ 19. To date, defendants have not made any payment toward the withdrawal liability. Dkt. 6, ¶ 20. By letter dated June 7, 2017, Mr. Hamilton sent defendants a final notice that demanded payment of the withdrawal liability within sixty (60) days of receipt of such notice. Dkt. 33, Exh. E. Defendants did not respond to the letter. Dkt. 6, ¶ 22.

On March 6, 2018, plaintiffs commenced this action pursuant to ERISA and the Trust Agreement.  Dkt. 1, ¶ 1.  Plaintiffs allege that defendants are obligated to pay unpaid contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees, and costs. Dkt. 31 (Plaintiffs' Memorandum of Law in Support of Their Motion for Default Judgment), at 10.

On September 9, 2018 (approximately six months after the instant case was commenced), defendants filed a motion to withdraw their Answer and consented to judgment.  Dkt. 21.  On September 13, 2018, Your Honor granted defendants' motion to withdraw their Answer and referred the matter to the undersigned for an inquest as to the amount of damages owed by defendants.  Dkts. 23-24.  By letter dated September 20, 2018, defendants consented to the amount of withdrawal liability demanded in the complaint and requested that the Court determine what reasonable fees, costs, and interest should be included in the judgment.  Dkt. 26. On September 21, 2018, I issued a Scheduling Order directing plaintiffs to file an appropriately supported application for fees, costs, interest, and any other monetary relief, on or before October 12, 2018, accompanied by a memorandum succinctly setting forth the legal basis for each component of the relief requested.  Dkt. 27.  On October 5, 2018, I granted plaintiffs' application to extend their time to file inquest submissions to October 19, 2018, and directed defendants to file their response, if any, on or before November 2, 2018.  Dkt. 28.  On October 19, 2018, plaintiffs filed their inquest submission.  *See* Dkts. 31, 32 (Declaration of Amanda Bell in Support of Plaintiffs' Motion for Default Judgment), and 33.  Defendants did not file any opposition.

### III.    DISCUSSION

ERISA provides, in relevant part:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to
> enforce section 1145 of this title in which a judgment in favor of the plan is
> awarded, the court shall award the plan (A) the unpaid contributions, (B) interest
> on the unpaid contributions, (C) an amount equal to the greater of (i) interest on
> the unpaid contributions, or (ii) liquidated damages provided for under the plan in
> an amount not in excess of 20 percent (or such higher percentage as may be
> permitted under Federal or State law) of the amount determined by the court
> under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to
> be paid by the defendant, and (E) such other legal or equitable relief as the court
> deems appropriate.

29 U.S.C. § 1132(g)(2).

A. Unpaid Contributions

Plaintiffs seek $101,720.00 in unpaid contributions. Dkt. 6, ¶ 9. The amount of unpaid contributions owed by defendants is not in dispute, as defendants consented to the amount of withdrawal liability demanded in the complaint. Dkt. 26. Additionally, plaintiffs submitted an affidavit from Mr. Hamilton which substantiates the amount of defendants' unpaid contributions. Dkt. 33, ¶ 11. Accordingly, I conclude—and respectfully recommend that Your Honor conclude—that plaintiffs are entitled to an award of $101,720.00 in unpaid contributions.

B. Interest on the Unpaid Contributions

Plaintiffs seek to recover an amount of $28,227.30 in interest on the unpaid contributions, covering the period from April 1, 2017 (the date on which the first withdrawal liability payment was due) through October 15, 2018,[1] plus additional interest in the amount of $50.16 from October 16, 2018 until the date judgment is entered. Dkt. 32, ¶ 32. "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2)(B).

---

[1] Plaintiffs filed their inquest submissions on October 19, 2018, which calculated the amount of unpaid contributions as of October 15, 2018.

4

Under the Trust Agreement, Art. VII, Section 5(a), "an Employer in default for five working days shall be obligated to pay interest in the amount of one and a half percent (1 1/2%) per month of each monthly amount due for each month from the date of the underpayment to the date that it is actually paid[.]" Dkt. 33, Exh. C. Pursuant to the rate provided by the Trust Agreement, the interest due from the period of April 1, 2017 through October 15, 2018 is calculated as follows:

$0.15 \times 101,720.00 = \$1,525.80$ per month;

$\$1,525.80 \times 18.5$ months $= \$28,227.30$.

Under the Trust Agreement, the daily rate of interest is calculated as follows:

$1.5\% \times 12$ months $= 18\%$ per annum;

$0.18 / 365$ days $= 0.0004931506849315068$;

$0.0004931506849315068 \times 101,720.00 = \$50.16$ per day.

Accordingly, I respectfully recommend that plaintiffs be awarded $28,227.30 in interest on the unpaid contributions from April 17, 2017 to October 15, 2018, plus additional interest on the unpaid contributions in the amount of $50.16 per day, from October 16, 2018 through the date judgment is entered.

C. Liquidated Damages

In addition to the interest on the unpaid contributions, plaintiffs are entitled to "an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent[.]" 29 U.S.C. § 1132(g)(2)(c). Twenty percent of $101,720.00 (the amount of unpaid contributions) is $20,344.00; the actual interest on the unpaid contributions, as set forth above, is a "greater" amount. Accordingly, as liquidated damages, I respectfully recommend that plaintiffs be

awarded $28,227.30 plus an additional $50.16 per day from October 16, 2018, through the date

of judgment.

D.   Attorneys' Fees and Costs

      Plaintiffs seek attorneys' fees in the amount of $39,542.50 and costs in the

amount of $6,276.55.  Dkt. 31, at 16.  As noted above, when "a judgment in favor of the

plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of

the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2).

      "The district court retains discretion to determine . . . what constitutes a reasonable fee."

*Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *LeBlanc–Sternberg*

*v. Fletcher*, 143 F.3d 748, 758 (2d Cir.1998)).  To determine whether the rate and hours

requested are reasonable, the court must "bear in mind all of the case-specific variables that [the

Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's

fees." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 190

(2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008).  These factors include:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions;
> (3) the level of skill required to perform the legal service properly; (4) the
> preclusion of employment by the attorney due to acceptance of the case; (5) the
> attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7)
> the time limitations imposed by the client or the circumstances; (8) the amount
> involved in the case and the results obtained; (9) the experience, reputation, and
> ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and
> length of the professional relationship with the client; and (12) awards in similar
> cases.

*Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.3d 714, 717-19 (5th Cir.

1974)).  The reasonable fee is calculated by multiplying the attorney's reasonable billing rate by

the reasonable number of hours spent working on the case. *See Simmons v. N.Y.C. Transit Auth.*,

575 F.3d 170, 174 (2d Cir. 2009) (discussing *Arbor Hill*). *See also Arbor Hill*, 522 F.3d at 186-

90 (emphasis in original) (rather than a two-step calculation that adjusts the product of the

6

attorney's fees and hours by certain case-specific variables, "[t]he focus of the district court is no longer on calculating a reasonable *fee*, but rather on setting a reasonable hourly rate, taking account of all the case-specific variables").

   *1.   Reasonable Hourly Rates*

   The hourly rate for an attorney should reflect "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184.  That rate must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Reitner v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).  "[T]he range of rates plaintiff's counsel actually charge their clients . . . is obviously strong evidence of what the market will bear." *Doe v. Unum Life Ins. Co of Am*, No. 12 Civ. 9327, 2016 U.S. Dist. LEXIS 10706, at *14-15. (S.D.N.Y. Jan. 28, 2016), *report and recommendation adopted*, No. 12 Civ. 9327, 2016 U.S. Dist. LEXIS 21928 (quoting *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) (internal quotation marks omitted).  The Court must also bear in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill,* 522 F.3d at 190.

   The party seeking the award bears the burden of demonstrating that the fees requested are reasonable. *Blum*, 465 U.S. at 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Here, plaintiffs submitted a Memorandum of Law detailing the education and experience of two attorneys that worked on this case: one partner and one associate. Dkt.32, ¶ 24.  Plaintiffs also submitted contemporaneous billing records in support of their request for $39,542.50 in

attorneys' fees. Dkt. 32, Exh. F.[2]  The Court has reviewed these submissions and finds as follows.

Partner Anusha Rasalingam graduated from Harvard Law School in 1999 and has practiced labor and employment law since 2003. Dkt. 32, ¶ 24.  She seeks an hourly rate of $490 for work completed in 2017 and an hourly rate of $515 for work completed in 2018.[3]  Exh. F. Based upon a review of ERISA case law in this district, courts have found $515 to $600 to be a reasonable hourly rate for partners. *See, e.g., Durso v. Store 173 Food Corp.*, No. 16 Civ. 9456, 2018 WL 6268218, at *6 (S.D.N.Y. Nov. 30, 2018) ($515 hourly rate for a partner with twenty-four years of labor and employment experience); *Doe v. Unum Life Ins. Co of Am*, No. 12 Civ. 9327, 2016 U.S. Dist. LEXIS 10706, at *14-15. (S.D.N.Y. Jan. 28, 2016), *report and recommendation adopted*, No. 12 Civ. 9327, 2016 U.S. Dist. LEXIS 21928 ($600 hourly rate for a partner with thirty years' experience); *Demonchaux v. United Healthcare Oxford, Inc.*, No. 10 Civ. 4491, 2014 WL 1273772, at *7 (S.D.N.Y. Mar. 27, 2014) ($600 hourly rate for partner); *Levitan v. Sun Life & Helath Ins. Co.*, No. 09 Civ. 2965, 2013 WL 3829623, at *8 (S.D.N.Y. July 24, 2013) ($600 hourly rate for partner).  Accordingly, I conclude—and respectfully recommend that Your Honor conclude—that Ms. Rasalingam's hourly rate of $490 for work completed in 2017 and $515 for work completed in 2018 is reasonable.

Associate Amanda Bell graduated from Columbia Law School in 2012 and has practiced law and employment law since graduation. Dkt. 32, ¶ 24.  She seeks an hourly rate of $380 for work performed in 2017 and an hourly rate of $400 for work performed in 2018.  Exh. F.  A

---

[2]  Hereinafter, "Exh. F" refers to Dkt. 32, Exh. F (Decl. of Amanda Bell in Supp. of Pls. Mot. for Default J.).
[3]  Though not explicitly stated by plaintiffs' counsel, I assume that the increase in the hourly rate from 2017 to 2018 is due to an annual adjustment.

review of the case law in this district reveals that the rates she requests are higher than the usual award for associates in ERISA cases. *See, e.g., Durso v. Store 173 Food Corp.*, No. 16 Civ. 9456, 2018 WL 6268218, at *6 (S.D.N.Y. Nov. 30, 2018) (finding $275 hourly rate reasonable for an associate with similar experience); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. B&L Moving & Installation, Inc.*, No. 16 Civ. 4734, 2017 WL 4277175, at *7 (S.D.N.Y. Sept. 26, 2017) (finding $225 hourly rate reasonable for associate with three years' experience); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dependable Office Installation, LLC*, No. 14 Civ. 9502, 2017 WL 934713, at *8 (S.D.N.Y. Mar. 9, 2017), *report and recommendation adopted*, No. 14 Civ. 09502, 2017 WL 1157118 (finding $225 hourly rate reasonable for associates with three to ten years' experience). Given Ms. Bell's experience and the rates prevailing in the community for associates with commensurate experience, I conclude—and respectfully recommend that Your Honor conclude—that an hourly rate of $275 is appropriate for Ms. Bell.

## 2. *Reasonable Number of Hours Expended*

The Court must now decide the number of hours reasonably expended on the case to arrive at the presumptively reasonable fee. "The relevant issue [ ] is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 0121 (JPO) (JCF), 2015 WL 409525, at *3 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)) (alteration in original). "A court should exclude from the . . . calculation 'excessive, redundant or otherwise unnecessary hours.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1997)). In addition, "the Court may reduce the fees requested for billing entries that are vague and do not sufficiently demonstrate what counsel did." *Doe v. Unum Life Ins. Co. of Am.*, No. 12 Civ. 9327, 2016 U.S. Dist. LEXIS

10706, at *18 (S.D.N.Y Jan. 28, 2016).  Finally, "[a] trial judge . . . may limit the hours allowed

for specific tasks . . . on the basis of [the court's] assessment of what is appropriate for the scope

and complexity of the particular litigation." *N.Y. State Ass'n for Retarded Children v. Carey*,

711 F.2d 1136, 1146 (2d Cir. 1983).  The Second Circuit has cautioned that "attorney's fees are

to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of

awarding windfall fees." *Id.* at 1139.  The Court can accomplish this "by making specific

deductions or 'by making an across-the-board reduction in the amount of hours.'" *Danaher*

*Corp*, 2015 WL 409525, at *3 (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir.

1997)).

      Here, the billing records reflect a total of ninety-five and a half (95.5) hours expended on

the instant litigation (thirteen (13) attributable to Ms. Rasalingam; eighty-two and a half (82.5)

attributable to Ms. Bell).  Exh. F.  The Court notes that the underlying issues in this case are not

complex.  At first blush, the number of hours expended by plaintiffs' counsel in this litigation

appear to be substantially greater than what is normally required in an ERISA litigation where a

defendants or defendants default. *See, e.g., Durso*, 2018 WL 6268218, at *5-6 (finding 52.5

hours of work reasonable); *B&L Moving & Installation, Inc.*, 2017 WL 4277175, at *8 (finding

30.35 hours of work reasonable); *Dependable Office Installation, LLC*, 2017 WL 934713, at *8

(finding 36 hours of work reasonable).  However, prior to defendants' withdrawal of their

Answer, plaintiffs incurred expenses for seventeen (17) weeks of discovery, during which time

defendants failed to produce documents and deponents as requested.  Dkt. 32, ¶¶ 26-28.  As a

result, plaintiffs' counsel worked many hours in preparation for litigation that was ultimately

unnecessary due to defendants' consent to an entry of default judgment.  Additionally, as noted

above, defendants did not submit any opposition to plaintiffs' requested amount of attorneys'

fees.  Thus, I conclude that the general overall number of hours expended on this litigation is not unreasonable.

However, my review of the records reveals some specific, minor discrepancies.  There are twenty-two (22) billing entries reflecting consultations between Ms. Rasalingam and Ms. Bell regarding this litigation.  Exh. F.  Both Ms. Rasalingam and Ms. Bell charged for these consultations in increments of one-quarter hour.  Exh. F.  Of those twenty-two entries, there are six (6) that reflect a different amount of time recorded by Ms. Rasalingam and Ms. Bell for the same consultations.  Exh. F (Invoices dated: (1) May 18, 2018; (2) June 7, 2018; (3) July 10, 2018; (4) July 24, 2018; (5) September 6, 2018; and (6) September 10, 2018).  Fairness dictates that the lower amount of time logged for each of these six (6) entries should control. Accordingly, I respectfully recommend that Ms. Rasalingam's entries be reduced as follows:

| Date of Entry | Original Entry | Reduced Entry |
|---|---|---|
| May 18, 2018 | .50 hours | .25 hours |
| June 7, 2018 | .75 hours | .50 hours |
| July 24, 2018 | .50 hours | .25 hours |
| September 10, 2018 | .50 hours | .25 hours |

In total, this amounts to a one hour reduction for Ms. Rasalingam, reducing her total hours spent on the instant litigation from thirteen (13) to twelve (12).  In addition, I respectfully recommend that the Ms. Bell's entries be reduced as follows:

| Date of Entry | Original Entry | Reduced Entry |
|---|---|---|
| July 10, 2018 | .50 hours | .25 hours |
| September 6, 2018 | .50 hours | .25 hours |

In total, this amounts to a .50 hour reduction for Ms. Bell, reducing her total hours spent on the instant litigation from eighty-two and a half (82.5) to eighty-two (82).

> 3. *Reasonable Hourly Rate Multiplied by Reasonable Number of Hours Expended*

The Court must now calculate reasonable attorneys' fees based on the hourly rates and total number of hours expended on the instant litigation. The new calculation is as follows:

| | Hourly Rate | Hours Reasonably Expended | Total Fees |
|---|---|---|---|
| Ms. Rasalingam | $515 | 12 hours | $6,180.00 |
| Ms. Bell | $275 | 82 hours | $22,550.00 |
| **Total:** | | 94 hours | $28,730.00 |

Accordingly, I respectfully recommend that plaintiffs be awarded $28,730.00 in attorneys' fees.

> 4. *Costs*

Plaintiffs seek costs of $6,276.55, representing reimbursement for court filings fees, service of process fees, computer-assisted research fees, and court reporter's fees for three depositions. Dkt. 32, ¶ 31. Plaintiffs provided a contemporaneous record that specifies the date and cost of these additional charges. Exh. F. Accordingly, I conclude and respectfully recommend that plaintiffs be awarded costs in the amount of $6,276.55.

## IV.   CONCLUSION

For the reasons stated above, I conclude—and respectfully recommend that Your Honor should conclude—that plaintiffs be awarded damages as follows:

1. **$101,720.00** in unpaid contributions;

2. **$28,227.30** in interest on the unpaid contributions from April 17, 2017, to October 15, 2018 (plus daily interest of **$50.16** for each day from October 16, 2018, through the date of judgment);

12

3.   **$28,227.30** in liquidated damages (plus additional daily interest of **$50.16** for each day from October 16, 2018, through the date of judgment);

4.   **$28,730.00** in attorney's fees; and

5.   **$6,276.55** in costs.

Accordingly, I conclude and respectfully recommend that plaintiffs are entitled to an award in the total amount of **$193,181.15**, plus **$100.32** per day from October 16, 2018 through the date judgment is entered.

Dated:  March 28, 2019
White Plains, New York

Respectfully submitted,

_____
**Paul E. Davison, U.S.M.J.**

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. *See also* FED. R. CIV. P. 6(a).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the Honorable Charles L. Brieant JR. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of Judge Paul E. Davison at the same address.

13

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.